UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MADISON KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: |
| | ) |
| HUNTINGTON COUNTY SHERIFF'S | ) |
| DEPT., HUNTINGTON COUNTY | ) |
| SHERIFF CHRISTIAN NEWTON, | ) |
| HUNTINGTON COUNTY JAIL | ) |
| COMMANDER JEFF KYLE, | ) |
| HUNTINGTON COUNTY STAFF | ) |
| SERGEANT PAUL DOUGLAS, | ) |
| NURSE ASHLEY TINKLE, and | ) |
| JAIL OFFICER SYDNEY JEFFERS, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, Madison Kennedy ("Kennedy"), by counsel, for her causes of action against the Defendants, Huntington County Sheriff's Dept. ("Sheriff's Dept."), Huntington County Sheriff Christian Newton ("Newton"), Jail Commander Jeff Kyle ("Kyle"), Staff Sergeant Paul Douglas ("Douglas"), Nurse Ashley Tinkle ("Tinkle") and Jail Officer Sydney Jeffers ("Jeffers"), alleges:

### I. INTRODUCTION

1. Kennedy asserts that while serving a sentence in the custody of the Huntington County Sheriff's Department at the Huntington County Jail, she suffered a medical emergency which required immediate emergency medical attention which was ignored by the jail staff. Kennedy suffers from Congenital Adrenal Hyperplasia ("CAH"), a group of genetic conditions limiting hormone production in the adrenal glands. Although CAH can be life-threatening, most people with it can lead normal lives with proper treatment. Treatment involves taking replacement

hormone medication. Kennedy informed the jail staff that she suffered from CAH and needed her medication but her statements were ignored. Her medical condition quickly deteriorated with continued vomiting, muscle cramps, weakness and cognitive incoherence. By the time the jail staff acted, Kennedy was near death and required extensive, life-saving medical care in the intensive care unit (ICU) at Parkview Regional Medical Center.

Kennedy contends that Defendants acted recklessly, maliciously, deceitfully, with evil intent, intentionally or with deliberate indifference with respect to Kennedy's rights and well-being, failed to take the necessary, reasonable or adequate action to identify Kennedy's dire medical situation and provide Kennedy with medical treatment to address the known and impending danger of Kennedy's medical situation, and intentionally or with deliberate indifference ignored the danger posed to Kennedy. The Defendants' conduct was a violation of Kennedy's federally protected rights to be free from cruel and unusual punishment under the Fourteenth and/or Eighth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the laws and public policies of the State of Indiana. In the alternative, Kennedy alleges that Defendants' conduct was reckless and/or negligent. Kennedy seeks compensatory damages against the Defendants, medical expenses, punitive damages, attorneys' fees, costs, and all other relief appropriate under the circumstances.

## II.   PARTIES

2.   At all times relevant hereto, Kennedy was an inmate at the Huntington County Jail in the custody of the Huntington County Sheriff's Department. Kennedy is an individual citizen and resident of Huntington County, Indiana.

3. The Huntington County Sheriff's Dept. is a law enforcement agency organized and existing under and by virtue of the laws of the State of Indiana with its headquarters located in Huntington, Indiana.

4. Huntington County Sheriff Christian Newton is named in his individual and official capacities under Indiana law and 42 U.S.C. § 1983 and was employed/oversaw the Huntington County Sheriff's Department and the Huntington County Jail.

5. Jail Commander Jeff Kyle, Staff Sergeant Paul Douglas, Nurse Ashley Tinkle and Jail Officer Sydney Jeffers are each named in their individual and official capacities under Indiana law and 42 U.S.C. § 1983 and were employed by and worked at the Huntington County Jail.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331 which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," because Kennedy is asserting claims for violation of her rights protected by the Constitution and 42 U.S.C. § 1983. Kennedy asserts that this Court has supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

The United States District Court for the Northern District of Indiana is the proper district in which to bring this action because venue is appropriate where a Defendant resides or a Defendant may be found. In order to determine the Defendant's place of residence, 28 U.S.C. § 1391(c)(2) provides:

> **(c) Residency. – For all venue purposes—**
>
> **(2)** an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed

>to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business;

Defendants may be found in the United States District Court for the Northern District of Indiana because they reside in the District, have sufficient minimum contacts in the Northern District for personal jurisdiction and, pursuant to Indiana's Long Arm Statute, would be subject to the exercise of control over its person in the Northern District of Indiana.

### IV.     FACTS

7. Kennedy incorporates by reference paragraphs 1 through 6 of her Complaint as if same were fully set forth herein.

8. Kennedy suffers from CAH, a condition where her body is unable to produce certain endocrines. Such imbalance results in life-threatening reductions in sodium and spikes in potassium which, if left untreated, exhibit as extreme headaches, lethargy, incoherence, kidney failure, coma, and eventually, death. Kennedy took medication for her CAH.

9. On or about October 2, 2019, Kennedy, confined at the Huntington County Jail without her medication, started to feel ill and experienced muscle cramping. She notified Jail Officer Jeffers and was told to fill out a "Blue Slip" so she could see Nurse Tinkle. However, Jail Officer Jeffers then told Kennedy she could not see Nurse Tinkle due to a lockdown of the jail.

10. On or about October 4, 2019, the lockdown at Huntington was lifted.

11. From October 4, 2019 to October 9, 2019, Kennedy's condition worsened immensely with continued vomiting, muscle cramps, weakness, and cognitive incoherence.

12. During this time, Kennedy made several visits to Nurse Tinkle notifying her that she had CAH and that she was feeling lethargic, incoherent, and had headaches due to her

condition. Nurse Tinkle ignored the severity of the symptoms and suggested that Kennedy probably had the flu, but that she would check on her medication.

13. On or about October 10, 2019, Kennedy stayed in bed all day, continued to vomit, had no urine output and muscle cramping continued. She went to Nurse Tinkle who stated that because Kennedy had been without her medication for so long, her condition could not be caused by lack of medication and that she had the flu. She was sent back to the block.

14. On or about October 11, 2019, Kennedy's medical condition continued to worsen and Kennedy's mother went to the jail to advocate that her daughter receive prompt and adequate medical treatment. Kennedy's mother reiterated to the jail officer that Kennedy's condition is life-threatening. Kennedy's mother felt as though the jail staff were ignoring her pleas that her daughter receive prompt and adequate medical treatment.

15. After leaving the jail on October 11, 2019, Kennedy's mother directly called Sheriff Newton around 6 p.m. to plea for her daughter's well-being and medical treatment needs.

16. Around 11 p.m. on October 11, 2019, Kennedy's mother was notified that Kennedy was being transported to the Parkview Huntington Hospital.

17. Upon Kennedy's arrival at the Parkview Huntington Hospital, it was apparent that Kennedy's medical condition was life threatening and that Kennedy needed to be rushed to Parkview Regional Medical Center in Fort Wayne for adequate intensive critical medical treatment.

18. From October 12, 2019 through October 18, 2019, Kennedy was hospitalized in the intensive care unit at Parkview Regional Medical Center with severe dehydration, a life-threatening low sodium level of 104, a life-threatening high potassium level of approximately 6, and kidney failure.

19.     As a result of Defendant's conduct, Kennedy has incurred medical expenses, permanent injury, pain, suffering and emotional distress and other damages.

## V.     STATEMENT OF CLAIMS

### COUNT I – Claims for Violation of 42 U.S.C. § 1983 Against the Sheriff's Dept. and the Individual Defendants in Their Official Capacities

20.     Kennedy incorporates by reference paragraphs 1-19 of her Complaint as if same were fully set forth herein.

21.     At all times relevant hereto, the Sheriff's Dept. employed Sheriff Newton, Jail Commander Kyle, Staff Sergeant Douglas, Nurse Tinkle, and Jail Officer Jeffers.

22.     The Sheriff's Dept., Sheriff Newton, Jail Commander Kyle, Nurse Tinkle, and Jail Officer Jeffers acted under color of State laws in intentional or with deliberate indifference did not provide appropriate medical care when they were aware of Kennedy's condition, saw her physical condition and health deteriorate to the point of near-death.

23.     The Defendants and each of them acted maliciously, deceitfully and with evil intent.

### COUNT II – Claims for Violation of 42 U.S.C. § 1983 Against the Individual Defendants in Their Individual Capacities

24.     Kennedy incorporates by reference paragraphs 1-23 of her Complaint as if same were fully set forth herein.

25.     The individual Defendants, Douglas and Jeffers, supervised by Sheriff Newton and Jail Commander Kyle and are being sued for their own culpable action or inaction in the training, supervision, or control of their subordinates.

26.     Sheriff Newton, Nurse Tinkle, and Jail Commander Kyle directly participated in the Constitutional violation, failed to remedy the violation after being informed of it, created a

policy or custom under which the violation occurred, was grossly negligent in supervising subordinates who committed the violation, or was deliberately indifferent to the rights of others by failing to act on information that constitutional rights were being violated.

### COUNT III – Negligence

27. Kennedy incorporates by reference paragraphs 1-26 of her Complaint as if same were fully set forth herein.

28. In the alternative, Kennedy contends that Defendants' conduct was reckless and/or negligent resulting in Kennedy incurring damages.

### VI. PRAYER FOR RELIEF

WHEREFORE, Madison Kennedy prays for judgment in her favor and the following relief:

a) payment of her medical expenses;

b) compensatory damages;

c) punitive damages;

d) attorneys' fees and costs; and

e) all other relief appropriate under these circumstances.

### REQUEST FOR JURY TRIAL

The Plaintiff, Madison Kennedy, requests that this matter be tried to a jury.

Respectfully submitted,
***THEISEN & ASSOCIATES, LLC***

*/s/ Nathaniel O. Hubley*

John C. Theisen, #549-02
Nathaniel O. Hubley, #28609-64
810 South Calhoun Street, Suite 200
Fort Wayne, IN 46802
Email: jtheisen@theisen-associates.com
nhubley@theisen-associates.com
*Attorneys for Plaintiff*